# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO. 13-458-CG-N<br>) |
| MR. CHARLIE ADVENTURES, LLC and KIM P. KORNEGAY, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendants' motion to re-tax costs (Doc. 94) and Plaintiff's amended response thereto (Doc. 96). The clerk taxed costs in the amount of $434.96, for witness fees and printing costs. (Doc. 93). Defendants move to re-tax costs to include the costs for depositions in the amount of $9,260.05. (Doc. 94). For the reasons explained below, the Court finds that Defendants can recover the costs of deposing all of the witnesses for which they seek reimbursement, but that Defendants are not entitled to recoup the costs of duplicate forms of depositions for those witnesses. Accordingly, Defendants' motion to re-tax costs will be granted in part and denied in part.

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent explicit statutory

authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." Eagle Insurance Co. v. Johnson, 982 F.Supp. 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." Id. (citations omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. Id. (citations omitted).

The court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorneys' fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991); see also Caribbean I Owners' Ass'n, Inc. v. Great Am. Ins. Co. of New York, 2009 WL 2150903, at *3 (S.D. Ala. July 13, 2009) ("The burden falls on the losing party to show that specific deposition costs or a particular court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition.") (citations omitted); Monelus

2

v. Tocodrian, Inc., 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]").

Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

>   (1)     Fees of the clerk and marshal;
>
>   (2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>   (3)     Fees and disbursements for printing and witnesses;
>
>   (4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>   (5)     Docket fees under section 1923 of this title;
>
>   (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs that exceed those permitted by § 1920. See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

Defendants seek costs for 13 depositions it claims were necessarily obtained for use in the case. Section 1920(2) authorizes the award of costs for deposition transcripts. 28 U.S.C. § 1920(2); see United States v. Kolesar, 313 F.2d 835, 837–38 (5th Cir. 1963) ("Though 1920(2) does not specifically mention a deposition, ... depositions are included by implication in the phrase 'stenographic transcript.' "). However, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not

3

recoverable." E.E.O.C. v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F.Supp. 1044, 1066 (N.D. Ga.1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)). Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id. at 621 (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)). "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success." Ferguson v. Bombardier Serv. Corp., 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007).

Plaintiff objects to some of the deposition costs claimed by Defendants. Specifically, plaintiff objects to the inclusion of any costs for the depositions of Al Pirez, Richard Schiehl, Joachim Jaeger, and Wade Stanford. Plaintiff asserts that Pirez, Schiehl and Jaeger were experts retained by the Defendants and contends that Plaintiff would not have called these witnesses. Plaintiff reports that it also was not likely to have called Stanford. Defendants state that they included the costs of these depositions because Plaintiff had identified them as potential witnesses at trial by adding "any witnesses listed by Kornegay" (Doc. 73, p. 16), to their witness list.

The winning party is usually permitted to recover the cost of deposing the other party's named witnesses. As noted by the Eleventh Circuit in W & O, Inc.:

> Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses and that "the information those people

4

>had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery."

W & O, Inc., 213 F.3d at 621 (citations omitted). Here the witnesses in question were specifically named as potential witnesses by the Defendants, the winning parties, but were technically also included on Plaintiff's witness list by reference to any of Defendant's witnesses. The Court notes that even if they had only been included on Defendants' witness list, "[a] party may even recover the cost of his own deposition if it was reasonably necessary, such as to allow his counsel to confine impeachment to its proper limits." Preis v. Lexington Ins. Co., 2007 WL 3120268, at *1 (S.D. Ala. Oct. 22, 2007) (citing W & O, Inc., 213 F.3d at 622)). Since these witnesses were included by reference on Plaintiff's list of potential witnesses and Plaintiff has not shown that it was not reasonably necessary for Defendants to depose these witnesses to confine impeachment, the Court finds that Plaintiff has not met its burden of demonstrating that these costs are not taxable.

Plaintiff also contends that Defendants should not recover the costs listed for "condensed transcripts," "ASCII CDs," or "E-mail/condensed/index" of the transcripts in addition to the ordinary transcript charges for each witness. Any portion of the cost of a deposition that was incurred "for the convenience of the attorney" rather than being "necessarily obtained for use in the case" is not properly taxable. Newman v. A.E. Staley Manufacturing Co., 648 F.2d 330, 337 (5th Cir. 1981). "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials

at trial." <u>Cherry v. Champion International Corp.</u>, 186 F.3d 442, 449 (4th Cir.1999) (upholding trial court's refusal to allow both videotape and stenographic transcript as costs).  Defendants generally cannot charge for both ordinary transcripts and condensed transcripts or other duplicate forms of a transcript. <u>Preis v. Lexington Ins. Co.</u>, 2007 WL 3120268, at *4 (S.D. Ala. Oct. 22, 2007) ("such duplication is for the convenience of counsel and is not taxable").  Therefore, the Court will exclude the cost of the duplicate forms of each transcript.  Accordingly, the Court will exclude as costs the following:

1. **$25.00** for E-mail/condensed/index for the deposition of Rita Boggan (Doc. 81-1, p. 2)
2. **$45.00** for the condensed transcript and the ASCII CD for the Guy P. Plaisance deposition (Doc. 81-1, p. 3)
3. **$35.00** for the condensed transcript and ASCII CD for the Joseph Galloway deposition (Doc. 81-1, p. 4)
4. **$35.00** for the condensed transcript and ASCII CD for the Gary W. Jones deposition (Doc. 81-1, p. 5)
5. **$35.00** for the condensed transcript and ASCII CD for the C. Kendall Clarke deposition (Doc. 81-1, p. 6)
6. **$35.00** for the condensed transcript and ASCII CD for the Carlton Wade Stanford deposition (Doc. 81-1, p. 7)
7. **$40.00** for the E-mail/condensed/index for the William Lott and John Kornegay depositions (Doc. 81-1, p. 8)
8. **$35.00** for the condensed transcript and ASCII CD for the Al Pirez deposition (Doc. 81-1, p. 9)
9. **$15.00** for the ASCII CD for the Jeremy Alford deposition (Doc. 81-1, p. 10)
10. **$35.00** for the condensed transcript and ASCII CD for the H. Douglas Cranford deposition (Doc. 81-1, p. 11)
11. **$35.00** for the condensed transcript and ASCII CD for the David G. Stegall deposition (Doc. 81-1, p. 12)
12. **$35.00** for the condensed transcript and ASCIII CD for the Richard John Schiehl deposition (Doc. 81-1, p. 13)
13. **$35.00** for the condensed transcript and ASCII CD for the Kim P. Kornegay deposition (Doc. 81-1, p. 15)

The total excluded from the $9,260.05 in deposition costs sought is $440.00. Thus, the Court will re-tax $8,820.05 in addition to the $434.96 already taxed by the clerk, with the total amount of cost taxed being $9,255.01.

## CONCLUSION

For the reasons stated above, Defendants' motion to re-tax (Doc. 94) is **GRANTED in part** to the extent that costs are hereby re-taxed in the amount of **$9,255.01** ($434.96 taxed by the Clerk and $8,820.05 additional re-taxed by the Court). The motion is **DENIED** to the extent that Defendants sought to recoup the costs of duplicate forms of depositions.

**DONE** and **ORDERED** this 14th day of July, 2015.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE